IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-0944-WJM-NYW

XY, LLC,
BECKMAN COULTER, INC., and
INGURAN, LLC d/b/a STGENETICS,

    Plaintiffs,

v.

TRANS OVA GENETICS, LC,

    Defendant.

---

## ORDER OVERRULING PARTIES' OBJECTIONS AND ADOPTING THE RECOMMENDATIONS OF THE MAGISTRATE JUDGE

---

This matter is before the Court on the October 2, 2018 Recommendation of United States Magistrate Judge Nina Y. Wang ("Recommendation 1") (ECF No. 341) that the Court grant in part and deny in part Plaintiffs Plaintiff XY, LLC ("XY") and Inguran, LLC d/b/a STGentics's ("Inguran") (jointly, "Plaintiffs") Motion to Exclude New Invalidity Arguments Under D.C.COLO.LPtR 16(b)(5) ("Motion to Exclude") (ECF No. 170). Recommendation 1 is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Defendant Trans Ova Genetics, LC ("Trans Ova" or "Defendant") filed its Objections to Recommendation 1 ("Objections to Recommendation 1") on October 12, 2018. (ECF No. 350.) Thereafter, Plaintiffs filed their response to Defendant's Objections to Recommendation 1 on October 26, 2018. (ECF No. 362.)

Also before the Court is Judge Wang's November 29, 2021 Recommendation

("Recommendation 2")[1] (ECF No. 490) that the Court grant in part and deny in part: (1) Defendant's Motion to Supplement Preliminary Invalidity Contentions ("Motion to Supplement") (ECF No. 84); and (2) Plaintiffs' Motion to Exclude.[2]  Recommendation 2 is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Defendant filed its Objections to Recommendation 2 ("Objections to Recommendation 2") on December 13, 2021.  (ECF No. 495-1.)  Thereafter, Plaintiffs filed their response to Defendant's Objections to Recommendation 2 on May 4, 2022.[3]  (ECF No. 522.)

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to."  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id*. at 1059.  In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge

---

[1] The Court will refer to the Objections to Recommendation 1 and Objections to Recommendation 2 jointly as the "Objections."

[2] As Judge Wang notes, Recommendation 2 addresses Count XII of the Fourth Amended Complaint associated with U.S. Patent No. RE46,559 and is intended to be considered in conjunction with Recommendation 1 as a supplemental recommendation regarding the Motion to Exclude.  (ECF No. 490 at 2 n.3.)

[3] This action was stayed on December 14, 2021, prior to Plaintiffs' deadline to file their response to Objections to Recommendation 2 (ECF No. 498); after the stay was lifted, the Court set a new response date of May 4, 2022 (ECF No. 508).

with instructions." Fed. R. Civ. P. 72(b)(3).

As an initial matter, the Court considers the effect of the parties' dismissal of Count V (the '422 Patent) on the Recommendations. (ECF No. 506.) As the parties note in their Joint Status Report Regarding Dismissal of Count V, "the dismissal of Count V and the associated counterclaims (ECF 506) moots only the portion of TOG's Objections to the Recommendation of the Magistrate Judge (ECF 495-1) that concerns [Defendant's] request to supplement its prior art-based invalidity contentions regarding the '422 Patent."[4] (ECF No. 516 at 1.) Accordingly, the Court overrules as moot that portion of Defendant's Objections to Recommendation 2 relating to the '422 Patent.

The Court has fully considered all of the parties' remaining arguments set forth in the briefing on the Motion to Exclude and Motion to Supplement, the Objections, and Plaintiffs' responses to the Objections. Upon conducting a de novo review, the Court finds that Judge Wang's analysis in Recommendation 1 and Recommendation 2 was thorough and well-reasoned. Accordingly, the Court adopts the reasoning set forth in Recommendation 1 and Recommendation 2 and overrules the Defendant's Objections.

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Objections (ECF Nos. 350 & 495-1) are OVERRULED;

2. Judge Wang's October 2, 2018 Recommendation (ECF No. 341) is ADOPTED in its entirety;

3. Judge Wang's November 29, 2021 Recommendation (ECF No. 490) is ADOPTED in its entirety;

---

[4] In Recommendation 2, Judge Wang recommended that Defendant's Motion to Supplement as to the '422 Patent be denied. (ECF No. 490 at 16.)

4. Plaintiffs' Motion to Exclude New Invalidity Arguments Under D.C.COLO.LPtR 16(b)(5) (ECF No. 170) is GRANTED IN PART and DENIED IN PART;

    a. As to the '590 Patent, Defendant's arguments related to written description and enablement of "light emission material," "between about 5 micrometers and about 10 micrometers," "fluid stream generator," "flow cytometer," "particle differentiation apparatus," or "particles" are STRICKEN;

    b. As to the '590 Patent, Defendant's arguments related to written description and enablement of "capable of altering an operating voltage," "range of nearly 0 volts to below 400 volts," and "analyzer" are PERMITTED;

    c. As the '559 Patent, Defendant's arguments with respect to the Summit software and Leary References are STRICKEN;

    d. As the '559 Patent, Defendant's arguments related to the Hollinshead Thesis and written description/enablement are PERMITTED; and

    e. All other relief requested by Plaintiffs' Motion to Exclude New Invalidity Arguments Under D.C.COLO.LPtR 16(b)(5) is DENIED as MOOT;

5. Defendant's Motion to Supplement the Preliminary Invalidity Contentions (ECF No. 84) is GRANTED IN PART and DENIED IN PART;

    a. As to the '116 Patent, the Motion is GRANTED insofar as it relates to Defendant's lack of written description and/or enablement

4

                arguments and is DENIED in all other respects;

      b.      As to the '769 Patent, the Motion is DENIED;

      c.      As to the '590 Patent, the Motion is GRANTED as to "capable of altering an operating voltage," "range of nearly 0 volts to below 400 volts," and "analyzer," and the Motion is DENIED in all other respects;

      d.      As to the '559 Patent, the Motion is GRANTED; and

      e.      As to the '422 Patent, the Motion is DENIED as MOOT in light of the parties' dismissal of Claim V; and

6.    Defendant is DIRECTED to file its Amended Final Invalidity Contentions on or before **June 3, 2022**.

Dated this 20th day of May, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge