**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 17-cv-0944-WJM-MDB

XY, LLC;
BECKMAN COULTER, INC.;
INGURAN, LLC d/b/a ST GENETICS,

Plaintiffs,

v.

TRANS OVA GENETICS, LC,

Defendant.

---

**ORDER ADOPTING JULY 13, 2022 RECOMMENDATION OF MAGISTRATE JUDGE OVER DEFENDANT'S OBJECTION**

---

This matter is before the Court on the July 13, 2022 Recommendation of then-United States Magistrate Judge Nina Y. Wang[1] ("Recommendation") (ECF No. 529) that Defendant Trans Ova Genetics, LC's Renewed Motion to Dismiss Count VI of Plaintiffs' Operative Complaint Pursuant to Fed. R. Civ. Proc. 12(b)(6) (ECF No. 439) ("Renewed Motion to Dismiss Count VI") be denied without prejudice and Trans Ova's Opposed Motion for Leave to File a Second Answer and Counterclaims to Plaintiffs' Fourth Amended Complaint (ECF No. 446) ("Motion to File Second Answer") be granted. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Defendant Trans Ova Genetics, LC ("Trans Ova") filed a timely objection to the Recommendation ("Objection") (ECF No. 530), and Plaintiffs XY, LLC ("XY") and Inguran, LLC ("Inguran") (collectively,

[1] Judge Wang has since been confirmed as a United States District Judge for the District of Colorado, and as a result, the magistrate judge referral duties in this case have been randomly reassigned to Magistrate Judge Maritza Dominguez Braswell. (ECF No. 531.)

"Plaintiffs") filed a response to the Objection ("Response") (ECF No. 532).

For the reasons explained below, the Objection is overruled, the Recommendation is adopted in its entirety, the Renewed Motion to Dismiss Count VI is denied without prejudice,[2] and the Motion to File Second Answer is granted.

## I. BACKGROUND

The background of this action has been extensively discussed in detail in prior orders (*see, e.g.*, ECF No. 275), and the procedural background of the two motions at issue are laid out in the Recommendation (ECF No. 529 at 2–9). That background is incorporated into this Order by reference, and here the Court only recites the facts necessary to address the Objection.

This is XY's second infringement lawsuit against Trans Ova before the undersigned. The first lawsuit concerned, among other things, Trans Ova's infringement of two patents ("'687 Patent" and "'921 Patent") covering a method of sorting stained, frozen-thawed, non-human mammalian semen. (*See id.* at 13–15.) In this subsequent lawsuit, Plaintiffs allege Trans Ova infringed a third patent ("'769 Patent"), which covers a similar but allegedly broader semen sorting method. (*See id.* at 12–13.)

In the Renewed Motion to Dismiss Count VI, Trans Ova argues Plaintiffs are precluded from bringing the '769 Patent infringement cause of action because the claims in the '769 Patent are "essentially the same" as those in the '687 and '921 Patents. (*Id.* at 11.) Plaintiffs, in turn, argue that their infringement cause of action for the '769 Patent is not precluded because the claims in the '769 Patent are broader than

[2] Trans Ova only objected to the Recommendation with respect to the Renewed Motion to Dismiss Count VI. (ECF No. 530.)

the claims in the ‘687 and ‘921 Patents. (*See id.* at 15.) Because the broader claims in the ‘769 Patent make it possible to infringe the ‘769 Patent without infringing the ‘687 or ‘921 Patents, Plaintiffs argue the claims are not “essentially the same” under the claim preclusion test announced by the Court of Appeals for the Federal Circuit in *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1323 (Fed. Cir. 2020).

Plaintiffs argue that the ‘769 Patent’s claims are broader because they do not include the steps of collecting and freezing the sperm to be sorted. (ECF No. 532 at 4–6.) Trans Ova argues that these steps are meaningless because in order to thaw frozen semen (to create frozen-thawed semen) the semen must first be collected and then frozen. (ECF No. 530 at 4.) In other words, according to Defendant, those steps are inherent and obvious. Because the collecting and freezing steps—the only asserted difference between the claims in the ‘769 Patent and those in the ‘687 and ‘921 Patents—are obvious, it follows that the claims in the three patents are “essentially the same.” (*Id.* 3–7.) Trans Ova also heavily relies upon the fact that “XY overcame the Patent Examiner’s rejection of the ‘769 Patent for double patenting over the ‘687 and ‘921 Patents by the filing of a terminal disclaimer.” (ECF No. 529 at 15.)

While *SimpleAir* makes clear that the terminal disclaimer is not dispositive as to claim preclusion, it is a “strong clue” of patentable indistinctness. (*Id.* at 16.)

Ultimately, Judge Wang held that “obviousness is a mixed question of fact and law” and found that expert testimony was necessary to determine whether the “collecting” and “freezing” steps are inherent in “thawing” or “otherwise immaterial to patentability distinction.” (*Id.* at 18.) On the other hand, Judge Wang was “not persuaded the mere existence of additional steps of ‘collecting’ and ‘freezing’

necessarily mean[s] that the Asserted Claims are patentably distinct, particularly when 'mere obvious variations of the same invention' are not patentably distinct." (*Id.* (citing *Gilead Scis., Inc v. Natco Pharma Ltd.*, 753 F.3d 1208, 1213 (Fed. Cir. 2014).)

Therefore, Judge Wang recommended denying the Renewed Motion to Dismiss Count VI without prejudice.

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

## III. ANALYSIS

Trans Ova objects to only one part of the Recommendation: the recommended denial without prejudice of the Renewed Motion to Dismiss Count VI. Trans Ova argues the Court can find the claims in the '769 Patent essentially the same as the claims in the '687 and '921 Patents without expert evidence and can, therefore, find the '769 Patent infringement cause of action precluded at this juncture. (ECF No. 530 at 5–6.) Trans Ova also argues that denial of the Renewed Motion to Dismiss Count VI "overlooks the

policies of judicial efficiency and fairness that the doctrine of claim preclusion is intended to protect." (*Id.* at 7.)

**A. Expert Evidence**

As Trans Ova points out, the parties and Judge Wang "agree that the only distinguishing feature of the '769 Patent is the omission of the steps 'collecting' and 'freezing' sperm cells prior to the step of 'thawing frozen sperm cells.'" (*Id.* at 4 (citing ECF No. 529 at 15).) Trans Ova argues that the '769 Patent is not patentably distinct from (and by extension, essentially the same as) the '687 or '921 Patents because its claims are obvious over or anticipated by the earlier claims. (*Id.*) Trans Ova contends that a finding of obviousness does not require expert evidence, contrary to the Recommendation. (ECF No. 530 at 5–6 (citing *Perfect Web Techs., Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1329 (Fed. Cir. 2009).) Trans Ova points to *SimpleAir* and *Indivior* as examples of courts that "did not cite or require expert testimony before ruling that the claims in those cases were patentably indistinct from their predecessors" and urges the Court not "to impose such a requirement here." (*Id.* at 6.)

Plaintiffs spend much of their brief arguing substantively that the claims in the '769 Patent are broader than those in the '687 and '921 Patents. (ECF No. 532 at 4–6.) In the alternative, they argue that "Judge Wang correctly determined that Trans Ova's motion cannot be granted because determining whether the '769 Patent and the ['687 and '921 Patents] are 'essentially the same' involves unresolved questions of fact." (*Id.* at 6.) Plaintiffs also contest Trans Ova's characterization of *SimpleAir* and *Indivior*, arguing that those cases are factually distinguishable because the patents at issue in those cases had the "<u>exact</u> same scope" based on courts' interpretation of their claim language. (*Id.* at 9–11 (emphasis in original).)

Although a close question, after considering the Recommendation and the parties' arguments, the Court agrees with Judge Wang's well-reasoned Recommendation. The issue of whether the claims in the '769 Patent and those in the '687 and '921 Patents are essentially the same turns on whether the "collecting" and "freezing" steps are obvious, which is a mixed question of law and fact. (ECF No. 530 at 18.) This Court is likewise "hesitant to conclude, at this juncture, that such steps are 'meaningless' as a matter of law." (*Id.*) Therefore, the Recommendation with respect to the Renewed Motion to Dismiss Count VI is adopted.

**B. Policy Arguments**

Trans Ova argues that failing to dismiss Count VI "overlooks the policies of judicial efficiency and fairness that the doctrine of claim preclusion is intended to protect." (ECF No. 530 at 7.) In Trans Ova's view, Count VI is needlessly duplicative of the earlier litigation and wastes the parties' and the Court's resources. (*Id.* at 7–8.) Plaintiffs respond that the policy considerations underpinning the existence of claim preclusion as a general feature of our legal system does not change the *scope* of the doctrine. (ECF No. 532 at 11–12.) Instead, they point to *SimpleAir* and argue the relevant consideration is whether the claims in the '769 Patent and the claims in the earlier-asserted '687 and '921 Patents are "essentially the same." (*Id.* at 11.)

Trans Ova's contentions are not without merit. Ultimately, however, the Court agrees with Plaintiffs, and declines to override its determination that expert testimony is necessary to resolve whether the claims are "essentially the same" based on Trans Ova's assertion of what is "efficient" and "fair."

**C. Motion to File Second Answer**

Neither party objected to the Recommendation with respect to the Motion to File

Second Answer. The Court concludes that the Judge Wang's analysis was thorough and sound and that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

Therefore, the portion of the Recommendation addressing the Motion to File Second Answer is adopted.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Recommendation (ECF No. 529) is ADOPTED in its entirety;
2. The Defendant's Objection (ECF No. 530) is OVERRULED;
3. The Renewed Motion to Dismiss Count VI (ECF No. 439) is DENIED WITHOUT PREJUDICE; and
4. The Motion to File Second Answer (ECF No. 446) is GRANTED, and Trans Ova shall file their amended pleading by no later than **October 3, 2022**.

Dated this 19th day of September, 2022.

BY THE COURT:

William J. Martinez
United States District Judge