**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 17-cv-0944-WJM-MDB

XY, LLC;
BECKMAN COULTER, INC.;
INGURAN, LLC d/b/a ST GENETICS,

      Plaintiffs,

v.

TRANS OVA GENETICS, LC,

      Defendant.

---

**ORDER DENYING MOTION FOR RECONSIDERATION**

---

      This matter is before the Court on Defendant Trans Ova Genetics, LC's ("Trans Ova" or "Defendant") Motion for Reconsideration of Order Denying Trans Ova's Motion to Supplement ("Motion") its invalidity contentions with respect to 7,723,116 ("the '116 patent").  (ECF No. 542.)  For the reasons stated below, the Motion is denied.

### I. BACKGROUND

      The background of this action has been extensively discussed in detail in prior orders (*see, e.g.*, ECF No. 275).  That background is incorporated into this Order by reference, and here the Court only recites the facts necessary to address the Motion.

      On May 20, 2022, the undersigned issued the Court's Order Overruling Parties' Objections and Adopting the Recommendations of the Magistrate Judge.  (ECF No. 523.)  In that Order, the undersigned adopted two separate recommendations from then–United States Magistrate Judge Nina Y. Wang.  (*Id.* at 3.)  Among the many

rulings adopted from those recommendations was rejecting Trans Ova's request "to supplement its prior art-based invalidity contentions with argument and evidence set forth in its requests to the United States Patent and Trademark Office ('USPTO') Patent Trial and Appeal Board ('PTAB') for inter partes review ('IPR'),[] IPR Requests IPR2018-00247 and IPR2018-00248 and supporting exhibits." (ECF No. 490 at 11.) Judge Wang explained that Trans Ova's failure to provide the Court with any "basis to consider whether amendment to include these additional arguments and references in this action after the filing of the Initial Invalidity Contentions are supported by good cause" was "fatal to its attempt to amend its invalidity contentions." (*Id.*) The undersigned adopted in full both the results and reasoning recommended by Judge Wang. (ECF No. 523 at 3–5.)

## II. STANDARD OF REVIEW

The Court has inherent power to reconsider its interlocutory rulings where there has been an intervening change in the controlling law, new evidence that was previously unavailable has come to light, or the Court sees a need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued."). Nor can a party invoke Rule 59(e) to "elaborate on arguments already decided." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929–30 (10th Cir. 2019). Therefore, "[a] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. However, it is "not appropriate to revisit issues already

2

addressed or advance arguments that could have been raised in prior briefing." *Id.*

### III.  ANALYSIS

Defendant argues that the Court's Order on Claim Construction (ECF No. 541) requires reconsideration of a portion of the Court's Order Overruling Parties' Objections and Adopting the Recommendations of the Magistrate Judge.  (ECF No. 542.) Specifically, it seeks reconsideration of its request to supplement its invalidity contentions with additional prior art.  (*See id.* at 6–7.)  Defendant argues: (1) the Court's construction of the '116 Patent's so-called "method claims" is an intervening change to the controlling law of this action; and (2) even if it is not an intervening change in controlling law, denying amendment after the Court's construction of the method claims would be manifest injustice.  (*Id.*)  With respect to this second argument, Defendant explains "the PTAB denied institution of IPR for *the sole reason* that [Trans Ova] had not demonstrated how the combined teachings of the cited prior art references 'would result in irradiating an *individual* sperm cell multiple times in pulsed fashion.'"  (*Id.* at 9 (quoting ECF No. 454-3 at 12–13).)  And because the Court adopted a more expansive definition of the method claims, wherein the term "sperm cells" refers to the "population or subpopulation of sperm cells collectively," Defendant argues denying supplementation would be manifestly unjust.  (*Id.*; ECF No. 541 at 24.)

Plaintiffs XY, LLC, Beckman Coulter, Inc., and Inguaran, LLC ("Plaintiffs") respond that the extraordinary remedy of reconsideration is unwarranted.  (ECF No. 543 at 4.)  They argue that Defendant's novel characterization of the Court's Order on Claim Construction as an intervening change in law is without basis.  (*Id.* at 5.)  They point out that Defendant specifically argued that the PTAB's claim construction was never binding

3

on the Court.  (*Id.* (citing ECF No. 454 at 3 n.1) (emphasis in original).)  For this reason, they argue Defendant is estopped from now arguing that the Court's contrary claim construction *changed* controlling law.  (*Id.*)  As a matter of policy, Plaintiffs note that resolving disputed claim construction is part of nearly every patent action and argue that adopting Defendant's position would "open the door to re-litigating resolved motions or supplementing contentions" after courts issue claim-construction orders.  (*Id.* at 5–6.)

As for Defendant's manifest injustice argument, Plaintiffs argue that Defendant made a conscious, strategic choice to put forth certain prior arts in its invalidity contentions.  (*Id.* at 6–7.)  Moreover, they assert that Defendant sat on its hands for more than eight months, rather than raising the issues addressed in the Motion at the earliest opportunity, while Defendant's underlying motion to supplement was still pending.  (*Id.* at 7.)

Defendant's reply recapitulates it arguments regarding a change in controlling law and disputes Plaintiffs' charge that it acted strategically or was not diligent in raising its arguments.  (ECF No. 544 at 3–6.)

Despite Defendant's arguments to the contrary, this Court's Order on Claim Construction was not an intervening change in controlling law.  Neither party has been able to produce for the Court any cases where such an order was held to be an intervening change in controlling law—and while the parties dispute which of them this fact cuts against, the Court reaches this conclusion on a much more basic principle.  (*See* ECF No. 543 at 5–6; ECF No. 544 at 3.)  Prior to the Court's Order on Claim Construction, there was no controlling law with respect to the meaning of "sperm cells" in the '116 Patent's method claims.  Creating controlling law where there previously was

4

none, is not the kind of intervening *change* in controlling law that warrants the extraordinary remedy of reconsideration.

Nor would refusing Defendant's attempts to supplement their invalidity contentions be manifestly unjust.  Defendant claims the only reason its invalidity arguments with respect to the method claims did not prevail before the PTAB is the PTAB's cramped construction of the term "sperm cells."  (ECF No. 542 at 9.)  Though they argue the Court's contrary construction requires consideration of the additional prior art, they ignore the Court's reasoning for denying its motion to supplement in the first instance.  (*See id.*)  In Judge Wang's Recommendation, she explained that Defendant failed to provide the Court with any "basis to consider whether amendment to include these additional arguments and references in this action after the filing of the Initial Invalidity Contentions are supported by good cause."  (ECF No. 490 at 11.)  In turn, the undersigned "adopted the reasoning set forth" by Judge Wang.  (ECF No. 523.)  There is nothing in the Order on Claim Construction that would justify overlooking the result of Defendant's active, strategic choice to *not* provide the proper basis to assess its underlying motion to supplement.

Therefore, there is no reason to reconsider the Court's prior ruling, and there is no need to consider Defendant's arguments with respect to good cause to supplement.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS that Defendant's Motion for Reconsideration of Order Denying Trans Ova's Motion to Supplement (ECF No. 542) is DENIED.

5

Dated this 23rd day of January, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge

6